**THE LAW FIRM OF JEFFREY S. DWECK, P.C.**
Jeffrey S. Dweck, Esq. (JD-6658)
43 West 33rd Street – Suite 304
New York, New York 10001
212-967-0500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELLIOT M. HIRSCH,<br><br>      Plaintiff,<br><br> -against-<br><br>ADINA MILES, LAURIE BEDA, NORMA TAWIL, HESHY TISCHLER, AMBER ADLER, YESHIVA OF FLATBUSH JOEL BRAVERMAN HIGH SCHOOL, ELISHEVA YARIMI, NOURITE MAIMON, EVE SCABA, SARAH MIZRAHI, YAFAH SUTTON, ELIZABETH KAIREY, ISABELLA KHAIMOV, LAUREN DAGMY, MIRIAM SABZEHROO, RAQUEL SABZEHROO, SARI DANA, SHERRY CHERA HALABI, DALIA OZIEL, DEBORAH SHILOACH, EVA SHAMMAH, THE EDMOND J. SAFRA SYNAGOGUE INC. AND RABBI ELI J. MANSOUR.,<br><br>      Defendants. | Case No.: 21-cv-12246 (FLW)(RLS) |

**YAFAH SUTTON'S BRIEF IN SUPPORT OF HER MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK (BROOKLYN, NY COUIRTHOUSE)**

### I. INTRODUCTION

This action arises out of the Plaintiff's thinly veiled post-"Get" regret and perhaps even an attempt at harassment or, worse, vengeance.

In his Complaint, the Plaintiff alleges 6 state law causes of action against 23 defendants, 21 of whom are residents of Brooklyn, New York. The other 2 are from Ohio and Texas, respectively. No defendant is from New Jersey and no witness is alleged to live in New Jersey.

This case should be dismissed or transferred on the basis of *forum non-conveniens,* using its authority under 28 U.S.C. §1404(a), which states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

It is actually inconvenient to litigate in the current forum and such a showing is made with this motion at a reasonably early time, meeting both elements of a timely motion.

## II.     FACTUAL BACKGROUND

The accompanying Declaration of Jeffrey Dweck provides the Court with a summary of relevant allegations of the Amended Complaint (Docket No. 42) as it relates to the location of events complained of and the location of defendants and potential witnesses.

## III.    ARGUMENT

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *28 U.S.C. §1404(a).* The purpose of transferring venue under §1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).* In determining whether transfer is appropriate, "the district court is vested with wide discretion," *Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973),* consistent with federal law. *Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-78 (3d Cir. 1995).*

Analysis of a request for transfer under §1404(a) generally has two components. First, both the original venue and the requested venue must be proper. *Jumara, 55 F.3d at 878.* Hence, venue is proper "(1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where personal jurisdiction may be had over any defendant if no other venue is proper." *Park Inn Intern., LLC v. Mody Enters., Inc., 105 F. Supp.2d 370, 375 (D. N.J. 2000)*

(summarizing the statutory venue requirements of 28 U.S.C. §1391(a)). If venue is proper, the court must then undertake a balancing test to decide whether the convenience of the parties and witnesses and the interest of justice would be better served by a transfer to a different forum. *Jumara, 55 F.3d at 879; Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 197 (E.D. Pa. 2008).* Although there is no definitive formula or specific list of the factors to consider, when determining whether a transfer is warranted, a court should weigh existing relevant private and public interests in its decision process. These interests are the following:

> The private interests include[]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests include[]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted).

It is pertinent that the party seeking the transfer bears the burden of establishing the need for the transfer. *Id.* at 879. "Transfer is not warranted, however, if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). "[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'" *Penn Mut. Life Ins. Co. v. BNC*

*Nat. Bank*, 2010 WL 3489386, at *8 (E.D. Pa. Sept. 2, 2010) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

"Appropriate supporting evidence includes documents, affidavits, or statements concerning the availability of material witnesses, relative ease of access to evidence, and business or personal hardships that might result for the moving parties." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL 2660351, *4 (E.D. Pa. Oct. 2005).

## DISCUSSION

As noted above, Defendant Yafah Sutton seeks to have this matter dismissed or transferred to the Eastern District of New York (Brooklyn courthouse) pursuant to the *forum non conveniens* provision, 28 U.S.C. §1404(a), and, alternatively §1406. As to the threshold inquiries required under §1404(a), venue is not proper in this District. This matter could have and should have been brought in Brooklyn, New York since nearly all of the 23 Defendants reside in Brooklyn, New York and "a substantial part of the events or omissions giving rise to the claim occurred" in Brooklyn, New York. 28 U.S.C. §1391(b)(1)-(2).

### *Private Factors*

#### *Defendant's Forum Preference*

Defendant hereby identifies the Eastern District of New York as her preferred forum. As noted, 21 of the 23 Defendants maintain their principal address in Brooklyn, New York. In addition, Plaintiff's tort claims arise out of a series of events that took place on Kings Highway in Brooklyn, New York and over the Internet, presumably, out of the Defendant's homes in Brooklyn, New York. As such, in light of the significant relationship between Defendants and the facts underlying Plaintiff's claims and the state of New York, Defendant's forum choice of the Eastern District of New York weighs in favor of transfer.

*Whether the claim arose elsewhere*

The third factor - where a majority of events giving rise to the claim arose - also weighs in favor of transfer. As set forth, a significant portion of the events underlying Plaintiff's claims occurred in New York. As such, this factor weighs in favor of transfer to the Eastern District of New York.

*Convenience of the parties as indicated by their relative physical and financial condition*

Many of the defendants are individuals living in Brooklyn, New York.  Ms. Sutton is a high school teacher working and living in Brooklyn, New York, and a mother of 2.  Travel to Trenton, New Jersey would likely take more than 1:30 and cost Defendant an entire work day and car fare (gas and toils), whereas the courthouse in Brooklyn is 15-20 minutes away from the addresses of at least 21 defendants including that of Defendant Sutton and reachable by subway.

Plaintiff has ties to Brooklyn, New York, inasmuch as he has family residing here, and litigated his underlying divorce action here.  The Plaintiff's drive from Oakhurst, New Jersey to Trenton is likely the same or similar to the drive to Brooklyn, New York (with the Trenton drive taking perhaps 60 minutes and the Brooklyn drive an additional 20). Thus, Plaintiff is not likely to be inconvenienced at all, whereas the Defendant would be inconvenienced very much.

This factor weighs in favor of transfer.

*Convenience of witnesses*

The convenience of witnesses "is a particularly significant factor in a court's decision whether to transfer." *Idasetima v. Wabash Metal Prods., Inc.*, 2001 WL 1526270, *2 (E.D. Pa. Nov. 29, 2001).* Fact witnesses "'who possess[] firsthand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis.'" *Coppola, 250 F.R.D. at 199 (quoting Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 203 (D. Del. 1998)).*  It is true that this factor is only to be considered to the extent the witnesses may actually be unavailable for trial in one of the fora, *Jumara, 55 F.3d at 879,* which is highly likely,

given that the Defendant – a potential witness – is a school teacher and mother who cannot leave Brooklyn for extended periods of time during the school year and at any point without having her children supervised for the day. At worst, this factor is neutral and, at best, weighs in favor of a transfer.

*Location of books and records*

As to the final private factor, the location of books and records, "[t]echnical advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis. . . ." *Lomanno v. Black, 285 F. Supp.2d 637, 647 (E.D. Pa. 2003).* Thus, unless hard copies of documents are necessary to this litigation, this factor has a neutral effect.

*Public Factors*

*Jumara* describes the public interest factors to include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Enforceability of judgment*

The enforceability of judgment factor is neutral since both courts have the ability to enforce any judgments rendered.

*Practical considerations that could make the trial easy, expeditious or inexpensive*

As set forth above, most of the witnesses (with the exception of only the Plaintiff, who lives in Monmouth County, New Jersey) are likely to be located in or around Brooklyn, New York, making a multiple-party, multiple witness extended trial in that forum easier, more expeditious and less expensive. Thus, this factor weighs in favor of transfer.

*Relative administrative difficulty in the two fora resulting from court congestion*

"Although the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worth of great weight." *Penda Corp. v. STK, LLC, 2004 WL 2004439, at *3 (E.D. Pa. Sept. 7, 2004).* This factor will, therefore, should be deemed neutral.

*Local interest in deciding controversies at home and the public policies of the fora*

While New Jersey certainly has an interest in protecting its citizens from the effect of the negligent acts that cause them injury outside this State, the operative facts underlying the dispute at the heart of this matter occurred in Brooklyn, New York.  In addition, Defendants maintain their principal addresses in Brooklyn, New York.  Thus, the State of New York also has a significant interest in the parties' underlying disputes.  This Court should find that this factor weighs in favor of transfer.

*Familiarity of the trial judge with the applicable state law in diversity cases*

Because the operative facts underlying Plaintiff's claim occurred in New York (and in part in New Jersey), it is likely that New York law will govern Plaintiff's claims.  While district courts are frequently called upon to interpret and apply the law of a state other than that in which they sit, when considering a motion to transfer venue, a "diversity case should be decided by the court most familiar with the applicable state law." *Coppola, 250 F.R.D. at 201-02*. This factor, therefore, weighs in favor of transfer.

**IV. YAFAH SUTTON SHOULD BE AWARDED ATTORNEYS' FEES**

In addition to the entry of an Order dismissing the Complaint or ordering a transfer of this action, Defendant Yafah Sutton seeks the attorneys' fees and costs it incurred in connection with the instant Motion.  The Complaint itself makes abundantly clear that Brooklyn, New York is the only forum for the litigation of this matter, given the location of 21 of 23 defendants and at least 1 of 2 alleged wrongful demonstrations at which the alleged conduct complained of took place.

That, together with an amicable request to consent to a transfer -- which Plaintiff rebuffed, renders the filing in Trenton, New Jersey to have been frivolous, without basis, and likely even a move to harass and inconvenient defendants at the expense of this Court and at the expense of an efficient trial based on evidence and witnesses that ae all located in Brooklyn, New York.

## V.     CONCLUSION

For the foregoing reason, Ms. Sutton's s motion should be granted, the Complaint should be dismissed, and Sutton should be awarded the attorney's fees and costs incurred in connection with this motion.

Dated:  New York, New York
April 21, 2022

THE LAW FIRM OF JEFFREY S. DWECK, P.C.
*Attorneys for Defendant*
*Yafah Sutton*

By: Jeffrey S. Dweck, Esq.
43 West 33rd Street, Suite 304
New York, New York 10001
212-967-0500
Email: jeffrey@dweckny.com