**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------  X

Elliot M. Hirsch                    :         **Civil Action No. 21-12246(FLW)**

                  Plaintiff(s),     :

          v.                   :

Adina Miles, Laurie Beda, Norma Tawil, Heshy     :
Tischler, Amber Adler, Yeshiva of Flatbush Joel
Braverman High School, Elisheva Yarimi, Nourite
Maimon, Eve Scaba, Sarah Mizrahi, Yafah Sutton,
Elizabeth Kairey, Isabella Khaimov, Lauren Dagmy,
Miriam Sabzehroo, Raquel Sabzehroo, Sari Dana,
Sherry Chera Halabi, Dalia Oziel, Deborah Shiloach,
Eva Shammah, The Edmond J. Safra Synagogue Inc.,
and Rabbi Eli J. Mansour

,

                  Defendant(s).    :

---------------------------------  X

## DECLARATION OF ELLIOT M. HIRSCH IN OPPOSITION TO DEFENDANT YAFFAH SUTTON'S MOTION TO DISMISS/TRANSFER

ELLIOT M. HIRSCH, pursuant to 28 U.S.C. § 1746 hereby declares as follows:

1. The undersigned is submitting this Declaration in opposition to Defendant's Sutton motion to dismiss/transfer the case to the Eastern District Court of New York.

2. The undersigned is not submitting a brief and/or memorandum of law in opposition to Attorney Dweck's moving papers for a variety of reasons and will address those in the attached statement in lieu of the brief pursuant to local rule 7.1 (d)(4).

3. In the exhibits section of the complaint, I specifically included copies of criminal complaints filed in the municipal court of Ocean Township and included public records of police reports filed with the Ocean Township Police Department.

4. It is conspicuously ostensible from the complaint that a majority of the tortious activity occurred in the State of New Jersey.

5. All of the evidence and discovery that I believe is pertinent for this lawsuit is electronic data and on YouTube, Instagram and my personal cell phone.

6. I don't believe anything physical exists in New York that is pertinent evidence for this lawsuit.

7. As I mentioned numerous times throughout the complaint, the Defendants intentionally used a facility of interstate commerce; namely, Instagram, Twitter, and the World Wide Web, to transmit the threats of violence and defamation targeted to reach me in the State of New Jersey.

8. From what I understand, there simply exists no basis, besides a majority of the Defendants residences being located in Brooklyn, to have this lawsuit being addressed in New York and if I filed this complaint there I would assume it to be dismissed for improper venue since I was in New Jersey during both protests and when I received the threats of violence, harassment and intimidation.

9. A multitude of witnesses, including, Mr. Abraham Manopla, whose Instagram account, MexicanPacino, was intimately involved in the actions that surround this complaint, live in the State of New Jersey, as well as hundreds of people who surrounded my residence on March 10, 2021 as well the entire Ocean Township Police Dep. who disbanded the illegal protest/riot.

10. I would assume it to be heavily burdensome to bring the aforementioned witnesses into the State of New York to testify regarding this matter.

11.     Additionally, as I mentioned in the complaint, thousands upon thousands of people witnessed the live stream videos of the protests and I was contacted by people ranging from Florida to California regarding their personally witnessing the riots, defamation and intimidation I was subjected to.

12.     I don't see how New York retains any substantial evidence more than California or Florida since, as mentioned before, this case, is about what occurred on in the internet and how the Defendants targeted me in New Jersey in order to coerce me into traveling into New York to give my wife a Get.

13.     I am also quite perplexed as to the answer of Ms. Sutton where she categorically denies all of the allegations leveled against her in the complaint yet her attorney Mr. Dweck sent me an email impliedly admitting that Ms. Sutton is the woman pictured holding up the sign at the Brooklyn protest that took place March 11, 2021.

14.     After reading Mr. Maimon's answer for Defendant Dana, it appears that a Defendant should admit certain allegations that are obviously indisputable.

15.     In conclusion, as set forth in more detail in the attached statement, I believe Ms. Sutton's motion is wholly inappropriate and should be denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 24, 2022

_____

Elliot M. Hirsch

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------- X

Elliot M. Hirsch                                        :        **Civil Action No. 21-12246(FLW)**

                Plaintiff(s),        :

          v.                                    :

Adina Miles, Laurie Beda, Norma Tawil, Heshy    :
Tischler, Amber Adler, Yeshiva of Flatbush Joel
Braverman High School, Elisheva Yarimi, Nourite
Maimon, Eve Scaba, Sarah Mizrahi, Yafah Sutton,
Elizabeth Kairey, Isabella Khaimov, Lauren Dagmy,
Miriam Sabzehroo, Raquel Sabzehroo, Sari Dana,
Sherry Chera Halabi, Dalia Oziel, Deborah Shiloach,
Eva Shammah, The Edmond J. Safra Synagogue Inc.,
and Rabbi Eli J. Mansour

,
                Defendant(s).       :

------------------------------------- X

## STATEMENT IN LIEU OF BRIEF PURSUANT TO LOCAL RULE 7.1 (D) (4)

1.    Because Attorney Dweck has failed to comport with numerous procedural rules that govern motion practice before this Honorable Court it appears that a brief submitted would be unnecessary.

2.    Attorney Dweck has not complied with local rule 7.1 and 7.2.

3.    Attorney Dweck did not file a proper certification of service nor did he file his brief in accordance with local rule 7.2(b), both in violation of local rule 7.1(d).

4.    Attorney Dweck's brief fails to contain the required motion date on the cover page and the required table of contents and table of authorities in violation of local rule 7.1(d)(1) and 7.2(b).

5. According to local rule 7.1 (d)(1) his application is therefore deficient and cannot be heard and that is the primary reason a brief in opposition is not deemed necessary in opposition.

6. Furthermore, Attorney Dweck fails to cite under which federal statute's his motion is being submitted, both on of his notice of motion page and his proposed order.

7. After sifting through his convoluted moving papers, it appears his motion is based upon two separate federal statutes; namely, 28 U.S.C. § 1404 and 28 U.S.C. § 1406.

8. However, Attorney Dweck is unable to bring a motion pursuant to 28 U.S.C. § 1406 since the Defendant waived her right to dismiss this action based upon improper venue as she failed to include this defense in her answering papers. This is yet another reason why a formal brief is unnecessary as I believe this issue is something the Court would likely raise *sua sponte*.

9. Furthermore, from what I understand, before submitting a motion to transfer based upon 28 U.S.C. § 1404, counsel is required to conduct an adequate pre-pleading inquiry into the facts and law before filing the motion to transfer. Counsel is required to cite governing law and is forbidden under FRCP 11 to falsely argue that there is no connection between the case and the forum.

10. After reading Attorney Dweck's brief and declaration it is apparent he has failed to adequately inquire into the facts and law of this case and/or is intentionally falsely arguing that there is no connection between the complaint and this forum.

11. Public records of Police Reports and criminal complaints were submitted in the exhibits section of the complaint specifically evincing the integral connection New Jersey has to this lawsuit and Mr. Dweck conspicuously fails to address these incidents in his moving papers.

12. I simply see no basis for Mr. Dweck to claim that New Jersey is the wrong forum for this action.

13. Mr. Dweck conveniently solely mentions the protest that took place in New York as the apparent basis for this complaint. However, it is conspicuously ostensible from the complaint that a majority of the tortious activity occurred in the State of New Jersey and therefore New York would not be a proper venue under 28 U.S. Code § 1391.

14. All of the evidence and discovery that is pertinent for this lawsuit is electronic and on YouTube, Instagram and my personal cell phone.

15. Nothing physical exists in New York that is pertinent evidence for this lawsuit.

16. As I mentioned numerous times in the complaint, the Defendants intentionally used a facility of interstate commerce; namely, Instagram, Twitter, and the World Wide Web, to transmit the threats of violence and defamation targeted to reach me in the State of New Jersey.

17. There simply exists no basis, besides a majority of the Defendants residences being located in Brooklyn, to have this lawsuit being addressed in New York.

18. As I mentioned throughout the complaint, New Jersey Law is what governs this action and if this Court were to transfer this action based upon 28 USC 1404, then New York would have to apply the State Law of New Jersey and who better to apply New Jersey Law than a New Jersey Courthouse.

19. A multitude of witnesses, including, Mr. Abraham Manopla, whose Instagram account, MexicanPacino, was intimately involved in the actions that surround this complaint, live in the State of New Jersey, as well as the hundreds of people who surrounded my residence on March 10, 2021 as well the entire Ocean Township Police Dep. who disbanded the illegal protest/riot.

20. As the Court is aware I am not a lawyer and although I graduated law school, I have never made any money as a paralegal nor have I ever represented any one in any legal matter.

21. My only experience in litigation is from my wife's ongoing lawsuit against me since June 2018, which has in effect, drastically spiraled into other lawsuits due to the way New York Supreme Court has been violating my constitutional rights.

22. I currently have a Federal Lawsuit pending in the Eastern District of New York against Letitia James and the State of New York.

23. From what I understand, since the Federal Judge granted my IFP status and then ordered the U.S Marshalls to serve Letitia James, the complaint has merit.

24. The reason I am raising this other non-related lawsuit is because in that matter, the Assistant Attorney General for New York State filed a motion to dismiss the complaint but violated one of the local rules of the Court and the Federal Judge ordered the Motion to dismiss terminated due to Counsel violating one of the local rules.(see attached)

25. Accordingly, the inference I draw is that Attorney Dweck's motion to dismiss has likewise violated this Court's individual rules as mentioned prior and should therefore be terminated and therefore filing a memorandum of law seems to be unnecessary.

26. In conclusion, it appears to the undersigned that Defendant Sutton's Motion is a violation of both the local rules of the District Court of New Jersey and FRCP Rule 11.

_____

Elliot M. Hirsch

Dated: April 24, 2022

4

4/24/22, 8:47 PM       Gmail - Activity in Case 1:21-cv-04147-EK-VMS Hirsch v. Wade et al Order on Motion to Dismiss for Failure to State a Claim

Case 3:21-cv-13246-FLW-RLS   Document 61   Filed 04/25/22   Page 9 of 9 PageID: 1217



Elliot Hirsch <elliothirschlaw@gmail.com>

---

## Activity in Case 1:21-cv-04147-EK-VMS Hirsch v. Wade et al Order on Motion to Dismiss for Failure to State a Claim

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>               Thu, Apr 14, 2022 at 9:23 AM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

### Notice of Electronic Filing

The following transaction was entered on 4/14/2022 at 9:23 AM EDT and filed on 4/14/2022
**Case Name:**         Hirsch v. Wade et al
**Case Number:**       [1:21-cv-04147-EK-VMS](#)
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER terminating [14] Motion to Dismiss for Failure to State a Claim -- Pursuant to Rule III.B.1 of this Court's Individual Motion Practices and Rules, defendant Letitia James was required to request a pre-motion conference before submitting her motion to dismiss. Because defendant James failed to request a pre-motion conference, the motion to dismiss is terminated. Ordered by Judge Eric R. Komitee on 4/14/2022. (Guy, Alicia)**

**1:21-cv-04147-EK-VMS Notice has been electronically mailed to:**

Anjali Bhat       anjali.bhat@ag.ny.gov,  oaglitd@ag.ny.gov

Elliot M. Hirsch       elliothirschlaw@gmail.com

**1:21-cv-04147-EK-VMS Notice will not be electronically mailed to:**