**Elliot M. Hirsch**
7 Saxony Drive ● Oakhurst, NJ 07755 ● 917-750-0418(Fax)718-376-1525 ● Elliothirschlaw@gmail.com

May 9, 2022

**VIA ECF**
District Court of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Hirsch v. Beda et al*-No. 21-12246 (FLW)

Dear Honorable Chief Justice Freda L. Wolfson and Honorable Magistrate Judge Rukhsanah L. Singh:

     I extend to the Court and its staff my best wishes during the ongoing pandemic. I am writing this letter in response to ECF No. 68 text order from Honorable Magistrate Judge Rukhsanah L. Singh. I am most grateful to the Honorable Court for allowing me the opportunity to submit this letter. After careful review I have come to the realization that the Defendants are guilty of violations of 18 USC 1962(Federal Rico), NJ RICO, and other common law torts. The case precedent that I found as the basis for this letter request is a published decision under the title *Desmond v. Siegel*, Dist. Court, D. New Jersey 2012(https://www.govinfo.gov/content/pkg/USCOURTS-njd-2_10-cv-05562/pdf/USCOURTS-njd-2_10-cv-05562-0.pdf).

**Claim #1-18 USC 1962 (C) and (D)**
     As the Court is aware, my prior Federal Rico claim was dismissed without prejudice because I only alleged a single predicate act of racketeering; namely, extortion. I now wish to plead additional predicate acts of racketeering under 18 USC 1961.
     Based upon the facts delineated in the amended complaint and upon the definition of extortion as defined in 18 USC 1951 and 18 USC 1952, by and through threats of violence and mob intimidation riots I allege the Defendants committed attempted extortion of me on March 10, 2021 and March 11, 2021, in addition to actual extortion in the evening of March 11, 2021. Moreover, some of these Defendants also committed the attempted and actual extortion of Dibo Hafif, a Plaintiff who has filed a Federal Lawsuit in the Eastern District of New York with several Defendants in this matter being named in that lawsuit. (*See* Hafif v. Mansour et al-1:2022-cv-01199).
     Additionally, based upon the facts already discussed at length in the amended complaint, the Defendants are guilty of conspiring and actually committing wire fraud as defined in 18 USC 1343. Said statute states, "whoever, having devised or intending to devise any scheme or artifice

to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

United States District Courts have interpreted 18 USC 1343 to mean that Plaintiff's must allege that the Defendant used the wires to obtain property from the Plaintiff or a non-party who were the targets of Defendants deception. Said Courts have further explained that a scheme or artifice to defraud need not be fraudulent on its face, but must involve some sort of fraudulent misrepresentation or omission reasonably calculated to deceive persons of ordinary prudence and comprehension.

It is undeniable that the Defendants used the wires (Free Elizabeth Chesed Fund webpage) to obtain money, which is property, from the people they were intentionally deceiving. It is also undeniable that the webpage creators posted absolutely false and misleading statements of facts about me in order to deceive the public into making "donations" to the webpage campaign. By misrepresenting the circumstances surrounding my divorce controversy with Elizabeth Kairey the Defendants were able to enrich themselves with approximately $128,000. The Defendants devised a scheme of stating blatant lies about me in order to raise money to fund Kairey's lawsuit in New York Supreme Court. Moreover, the Defendants also utilized portions of the funds raised to pay members of the conspiracy to organize protests and utilize their respective Instagram accounts to further spread the defamation, intimidation and threats of violence. The Defendants specifically and intentionally made false representations and promises in order to obtain money from the people they were deceiving. The Defendants knew that by accusing me of never paying child support, abusing Kairey and suing her in Supreme Court that they would be able to gain the sympathy of the community and receive tens of thousands of dollars based upon said false statements. But in reality, I was never in default of failing to pay child support, never abused Kairey and I am the Defendant, not Plaintiff, in my current divorce proceeding. Lastly, the webpage further implied that the monies were needed to pay me to free Kairey and that my daughter lacked clothing. However, I testify that I received absolutely zero monies that these Defendants collected from the webpage campaign and that I fully ensure my daughter is clothed and fed whilst in my custody.

The current amended complaint contains extremely detailed fact allegations, with the who, what, where, why and when elements that will satisfy the special FRCP 9(b) requirements necessary to plead wire fraud.

As to which Defendants are guilty of Federal Rico, I allege that each and every Defendant who transmitted or caused to be transmitted the Free Elizabeth Chesed Fund webpage are guilty of extortion, attempted extortion and wire fraud. Each Defendant played a disparate and integral role in the conspiracy to extort a Get from me and defraud the public into donating money to their organization.

As to those Defendants who did not share the webpage content but were present at the illegal protests in Brooklyn, NY and Oakhurst, NJ where I was threatened with violence, intimidation mob gatherings and defamed with signs accusing me abusing Elizabeth Kairey, these Defendants are guilty of extortion and attempted extortion.

     All three predicate acts are related as they were all intended for the same or similar purpose of extortion and are otherwise interrelated by distinguishing characteristics such as the explicit mentioning of the Free Elizabeth slogan on the webpage and on the signs held up at the protests/riots and were, in any event, not isolated events.

     There are, however, additional New Jersey Defendants who I wish to include in this Federal Rico claim; namely, Abraham Manopla, Murray Betesh, Elana Dweck, Jennifer Braha, Sean Dweck and Betti Missry. I also wish to add New York Defendants; namely, Rabbi Harold Sutton, Rabbi Tidhar Cohen and Rabbi Max Sutton, three Rabbis who penned their names onto the webpage campaign in endorsement and whom are therefore defined as co-conspirators.

     Manopla's actions are already mentioned in the amended complaint. Murray Betesh and Sean Dweck were both present at the illegal mob intimidation protest outside my home on March 10, 2021. Elana Dweck and Jennifer Braha both using a facility of interstate commerce; namely, Instagram, encouraged the public to mob my home and intimidate me into giving my wife a Get. And Betti Missry committed similar acts to current Defendant Ms. Yaffa Sutton; namely, attending the illegal protest in New York and holding up a sign accusing me of abusing my wife and urging me to "free Elizabeth."

     In regards to personal jurisdiction, this Honorable District issued a most recent decision that explains the rules regarding personal jurisdiction in Federal Rico cases. This District Court explained that "[s]ection 1965(b) authorizes jurisdiction over RICO defendants who "resid[e] in any other district" but otherwise lack minimum contacts with the forum state if three requirements are met: (1) "at least one defendant . . . meets the traditional contacts test"; (2) the "ends of justice" require that the district court exercise jurisdiction; and (3) jurisdiction comports with due process based on the out-of state defendant's contacts with the United States as a whole. *Dean v. Bissel*, Dist. Court, D. New Jersey 2022-Civil Action No. 21-9770.

     In this matter the focal point of the Defendants action was to intimidate and defame me for the purposes of extorting a Get from me. The purpose of each and every Defendants action was designed to extort a Get from me by coercing me to travel into New York from New Jersey in order to grant my wife a Get. The New Jersey protest outside my home, which resulted from the defamatory content reaching this State as evidenced by the huge crowds of people who gathered outside my home, and who are all, presumably, residents of New Jersey and received the defamatory and inflammatory content in New Jersey, gives rise to the fact that New Jersey is the situs of most, if not all, of the actions that give rise to this complaint. Additionally, at to those Defendants who did not transmit the webpage campaign nor step foot into New Jersey, these Defendants intentionally held up signs at the illegal protest in New York knowing they were being recorded and knowing that these videos were being posted on social media for the purpose of reaching me in New Jersey and causing me to be intimidated into giving Kairey a Get. It would serve the interests of the Federal Rico claim to have all the Defendants in this matter prosecuted in one action. Moreover, I am alleging that six New Jersey residents be added to this complaint which meets the first prong of the three-prong test mentioned above.

     In regards to the damages portion of Federal Rico, I wish to compel Rabbi Yisraeli (an additional Defendant if the Court allows me to sue him), who profited from this extortion and must return said proceeds, and Elizabeth Kairey to return the Get to me. I was forced to give the

Get under extortionary threats and either Kairey or Yisraeli retain this Get. The Get cost $2000 to be drawn up and its intrinsic religious sentimental value to me is irreplaceable.

The Defendants must be forced to pay to remove the defamatory content from the internet and return the proceeds of the free Elizabeth webpage to the people who donated. The Defendants must pay damages to rectify the permanently damaged reputation I now suffer from. The Defendants must also pay me the amount of money I had to expend in order to travel into New York and complete the Get proceeding. Lastly, because Kairey enriched herself with substantial portions of the Free Elizabeth Chesed Fund campaign (Kairey notified me that Edmond J. Safra Synagogue did not give her all of the monies raised and kept some for themselves) she was able to continue her lawsuit against me in New York Supreme Court Kings County under index number 53206/2018. The Supreme Court Justice has forced upon me bills of tens of thousands of dollars to the Attorney for the Child and Forensic Dr, whom both are suggesting to the Court to place me on supervised visitation and to which Ms. Kairey's attorney is asking the Court to enforce said recommendations. These debts and negative reports would not have accrued if not for the illegal conspiracy these Defendants engaged in. Accordingly, the Defendants must pay the legal fees damages I have now accumulated and the further legal expenses I am now going to need to expend to defend myself from these baseless accusations.

**Claim #2-NJ RICO- 2C:41-2 (a)(c) and (d)**

As the Court is aware, NJ RICO is a viable claim when Federal Rico is pled sufficiently. However, there are additional reasons why NJ RICO is appropriate in this matter even if Federal Rico wouldn't be. Simple assault, terroristic threats, theft by extortion and criminal coercion (according to the *Desmond*) are all predicate acts under NJ RICO. As alleged in my amended complaint, the facts justify the respective Defendants being prosecuted for violations of simple assault, terroristic threats, theft by extortion and criminal coercion.

**Claim #3-Common Law Assault**

The Court dismissed my prior claim of common law assault because I did not plead it properly. I plan to follow the Court's instructions and plead common law assault based upon the facts that occurred in this matter.

**Claim #4- Negligence**

The Court dismissed my prior claim of negligence. I plan to rectify that deficiency in the negligence claim and I can allege that Elizabeth Kairey and Rabbi Eli Mansour are guilty of negligence as they were both made aware that their actions were causing and likely to cause me severe and intense emotional distress.

In conclusion, I respectfully request from this Honorable Court the opportunity to amend the complaint in this matter to add the foregoing claims and Defendants in order to ensure that justice be served.

Respectfully submitted,
Elliot M. Hirsch
Pro Se Plaintiff